UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: DIAL COMPLETE MARKETING AND
SALES PRACTICES LITIGATION                                                          MDL No. 2263


TRANSFER ORDER


**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiff in a Northern District of Ohio action moves for coordinated or consolidated pretrial proceedings of ten actions pending in seven districts as listed on Schedule A.[1] Moving plaintiff seeks centralization in the Northern District of Ohio. All responding parties agree upon centralization under Section 1407, but disagree upon the appropriate choice for transferee district.

Common defendant The Dial Corporation (Dial) suggests centralization in the Southern District of Illinois. In the alternative, Dial also proposes centralization in the Northern District of Illinois or the Eastern District of Missouri.

Plaintiffs in nine of the pending actions – two Southern District of Florida actions (*Vogtland*, *Cessna*), both Central District of California actions, the Southern District of Illinois action, the Eastern District of Missouri action, the Eastern District of Wisconsin action, and the Northern District of California and Northern District of Illinois potential tag-along actions – support centralization in the Northern District of Ohio. Plaintiff in another Southern District of Florida action (*Hommel*) proposes centralization in Southern District of Florida; at oral argument, this plaintiff also supported centralization in the Southern District of Illinois, in the alternative. Plaintiff in the Eastern District of Louisiana potential tag-along action initially proposed centralization in the Eastern District of Louisiana; at oral argument, this plaintiff supported centralization in the Northern District of Ohio.

On the basis of the papers filed and hearing session held, we find that these ten actions involve common questions of fact, and that centralization under Section 1407 in the District of New Hampshire will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions involve common factual questions arising from the marketing and sale of Dial

---

[*] Judges Paul J. Barbadoro and Marjorie O. Rendell took no part in the decision of this matter.

[1] The parties have notified the Panel of six related actions pending in five districts. These actions will be treated as potential tag-along actions in accordance with Panel Rules 7.1 and 7.2.

- 2 -

Complete Foaming Antibacterial Handwash (Dial Complete). Plaintiffs in the actions allege that Dial made unsubstantiated health claims in its promotion of Dial Compete to consumers and further allege that triclosan, the active antibacterial ingredient in Dial Complete, may lead to bacterial resistance. Plaintiffs in all actions purport to represent putative statewide classes of purchasers of Dial Complete, and plaintiffs in two of the actions also seek to represent putative nationwide classes of purchasers. Centralization under Section 1407 will eliminate duplicative discovery and prevent inconsistent pretrial rulings, particularly with respect to class certification.

We have selected the District of New Hampshire as an appropriate transferee forum for this litigation. The allegations in this nationwide litigation do not have a strong connection to any particular district, and related actions are pending in many districts. The parties have suggested very capable judges to handle this litigation, not all of whom are available for such an assignment. Judge Steven J. McAuliffe in the District of New Hampshire is an experienced transferee judge who is presiding over one of the related actions and is not currently presiding over other multidistrict litigation. Centralization in the District of New Hampshire thus permits the Panel to assign the litigation to a district in which no other multidistrict litigation is pending and to an experienced judge who is willing and able to accept the assignment.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of New Hampshire are transferred to the District of New Hampshire and, with the consent of that court, assigned to the Honorable Steven J. McAuliffe for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil         W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.     Barbara S. Jones

IN RE: DIAL COMPLETE MARKETING AND
SALES PRACTICES LITIGATION    MDL No. 2263

## SCHEDULE A

Central District of California

Sonia Herrera v. The Dial Corporation, C.A. No. 2:11-04146
Alicia Gentile v. The Dial Corporation, C.A. No. 2:11-04257

Southern District of Florida

Martin Hommel v. The Dial Corporation, Inc., C.A. No. 0:11-61123
Sven P. Vogtland v. The Dial Corporation, Inc., C.A. No. 1:11-21658
Jonathan Cessna v. The Dial Corporation, Inc., C.A. No. 1:11-21748

Southern District of Illinois

David Walls v. The Dial Corporation, Inc., C.A. No. 3:10-00734

Eastern District of Missouri

Michelle Carter v. The Dial Corporation, Inc., C.A. No. 4:11-00877

Eastern District of New York

Michael Feuer v. The Dial Corporation, Inc., C.A. No. 2:11-02205

Northern District of Ohio

Jenny Marazzi v. The Dial Corporation, Inc., C.A. No. 1:11-00407

Eastern District of Wisconsin

Megan Peterson v. The Dial Corporation, Inc., C.A. No. 1:11-00493